**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENITO HERNANDEZ, Jr.,

    Plaintiff,

v.                                        No. CV 18-135 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Benito Hernandez, Jr.'s *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum* (the "Motion"), (Doc. 23), filed August 20, 2018; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 27), filed October 19, 2018; and Mr. Hernandez' *Reply to Brief in Response to Motion to Reverse and Remand* (the "Reply"), (Doc. 29), filed October 29, 2018.

Mr. Hernandez filed an application for disability insurance benefits on November 10, 2014, alleging disability beginning May 7, 2014. (Administrative Record "AR" 61). Mr. Hernandez claimed he was limited in his ability to work due to lumbar pain, problems with his L-4 and L-5 discs, and weakness in his legs. (AR 296). Mr. Hernandez' application was denied initially on June 18, 2015, and upon reconsideration on November 4, 2015. (AR 61). A request for a hearing was filed, and a hearing was held on January 20, 2017, before Administrative Law Judge ("ALJ") Lillian Richter. (AR 116). Mr. Hernandez and Nicole B. King, an impartial vocational expert ("VE"), testified

at the hearing, and Sofia Reyes McDermott, an attorney, represented Mr. Hernandez at the hearing. (AR 116-148).

On February 16, 2017, the ALJ issued her decision, finding Mr. Hernandez not disabled at any time between his alleged disability onset date through the date of the decision. (AR 72). After the ALJ's decision, Mr. Hernandez submitted additional medical records to the Appeals Council. (AR 8-11, 16-23, 27-41, 43-57, 79-115, 674-91). On March 29, 2017, Mr. Hernandez requested review by the Appeals Council, (AR 262-66), and, on January 11, 2018, the Appeals Council denied Mr. Hernandez' request for review, making the ALJ's decision the Commissioner's final decision for purposes of this appeal, (AR 1-6).

Mr. Hernandez, who is now represented by attorney Francesca MacDowell, raises the following arguments on appeal of the Commissioner's decision: (1) the ALJ erred by failing to properly weigh the evidence and in assessing Mr. Hernandez' abilities and symptoms; and (2) the Appeals Council failed to properly consider the medical evidence submitted after the ALJ's decision. (Doc. 23 at 4-21). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the Administrative Record. (Docs. 18 and 28). Because the Appeals Council erred in failing to consider the additional evidence Mr. Hernandez submitted, the Court finds that Mr. Hernandez' Motion is well-taken and should be **GRANTED IN PART** and this case **REMANDED** for further proceedings.

    **I.**    **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v.*

3

*Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A), 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

evaluation process. At step five the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Mr. Hernandez applied for disability insurance benefits due to lumbar pain, problems with his L-4 and L-5 discs, and weakness in his legs. (AR 296). At step one, the ALJ determined that Mr. Hernandez had not engaged in substantial gainful activity since May 7, 2014, the alleged onset date. (AR 63). At step two, the ALJ concluded that Mr. Hernandez had the following severe impairments: diabetes under control, cerebral infarction, degenerative disc disease of the lumbar spine, varicose veins of bilateral lower extremities, peripheral vascular disease, post rotator cuff repair of the right shoulder, obesity, osteoarthritis of the left knee, atherosclerosis, coronary artery disease, and neuropathy. *Id.* At step three, the ALJ determined that none of Mr. Hernandez' impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 64-66).

At step four, the ALJ found that Mr. Hernandez has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). (AR 66). The ALJ additionally found that Mr. Hernandez can: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours and sit for 6 hours in an 8-hour workday; and occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. The ALJ further found that Mr. Hernandez: could never climb ladders, ropes, or scaffolds; could never balance; and should avoid exposure to unprotected heights, moving mechanical parts,

5

dust, odors, fumes, pulmonary irritants, extreme heat, and extreme cold. Finally, the ALJ found that Mr. Hernandez could occasionally reach overhead with the right upper extremity, could frequently reach in all other directions, and was limited to work that is primarily performed at the workstation. *Id.*

In formulating Mr. Hernandez' RFC, the ALJ stated that she considered Mr. Hernandez' symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-4p. *Id.* The ALJ also stated that she considered opinion evidence in accordance with 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. *Id.* The ALJ found that Mr. Hernandez' statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the evidence in the record. (AR 67-68). Specifically, the ALJ stated that Mr. Hernandez' stated activities of daily living, such as independently tending to personal care, caring for his dog, driving, and leaving home independently, were not consistent with his allegations of debilitating impairments. (AR 69). The ALJ further noted that Mr. Hernandez did not consistently require a cane for ambulation, and that his impairments improved with treatments such as surgeries, physical therapy, and medication. *Id.*

In considering the medical opinion evidence, the ALJ stated she gave significant weight to the opinion of consultative examiner Carol Abalihi, M.D., because it was supported by examination findings. *Id.* The ALJ also gave significant weight to the opinions of the state agency medical consultants because they were consistent with the record, including Dr. Abalihi's opinions, and with Mr. Hernandez' activities of daily living.

6

(AR 69-70). Finally, the ALJ gave only some weight to the opinions of Mr. Hernandez' primary care provider, Mohammed Alnajjar, M.D., because they were not supported by his treatment notes and were inconsistent with other medical evidence in the record. (AR 70).

The ALJ next found that Mr. Hernandez is unable to perform any of his past relevant work, so the ALJ proceeded to step five. *Id.* At step five, the ALJ noted that Mr. Hernandez was 49 years old on the alleged disability onset date, which is defined as "a younger individual" in accordance with the Regulations. *Id.* The ALJ also determined that Mr. Hernandez has a limited education and is able to communicate in English. *Id.* The ALJ noted that the VE testified at the hearing that an individual with Mr. Hernandez' same age, education, work experience, and RFC could perform the jobs of assembler, electronics assembler, and finish inspector. (AR 71). After finding the VE's testimony consistent with the Dictionary of Occupational Titles, the ALJ adopted the VE's testimony and concluded that, because Mr. Hernandez is capable of performing work existing in significant numbers in the national economy, he is not disabled pursuant to 20 C.F.R. § 404.1520(g). (AR 71-72).

**IV.     Analysis**

In his Motion, Mr. Hernandez argues: (1) the ALJ erred in her RFC determination by failing to properly weigh the evidence and in assessing his abilities and symptoms; and (2) the Appeals Council failed to properly consider the medical evidence submitted after the ALJ's decision. (Doc. 23 at 4-21). The Commissioner responds that the ALJ properly assessed Mr. Hernandez' RFC and did not err in weighing the evidence in the record. (Doc. 27 at 7-20). The Commissioner further contends that the Appeals Council

7

reasonably found the additional evidence submitted after the ALJ's decision did not meet the Commissioner's regulatory standards for review and did not provide a basis for changing the ALJ's decision. *Id.* at 20-24. The Court will first consider whether the Appeals Council erred in rejecting the additional evidence submitted after the ALJ's decision. *See, e.g., Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) (explaining the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record").

*A. The ALJ's Consideration of New Evidence*

After the ALJ issued her decision on February 15, 2017, Mr. Hernandez' counsel submitted to the Appeals Council medical records from Richard Westbrook, M.D., and Dr. Alnajjar, which were dated from between January 30, 2016 through February 10, 2017. (AR 79-115, 674-691). His counsel also submitted documents to the Appeals Council which were dated after the date of the ALJ's decision. (AR 8-11, 16-23, 27-41, 43-57). In the Appeals Council's review of the ALJ's decision, it found that the additional evidence dated before the ALJ's decision "does not show a reasonable probability that it would change the outcome of the decision," so the Appeals Council "did not consider and exhibit this evidence." *Id.* As for the evidence dated after the ALJ's decision, the Appeals Council found that it "does not relate to the period at issue." *Id.*

Mr. Hernandez contends the Appeals Council was required to consider this additional evidence because it constitutes evidence that is new, material, and chronologically pertinent. (Doc. 23 at 19-21). In response, the Commissioner states that some of the documents submitted to the Appeals Council are duplicates of documents

8

that the ALJ considered, so they are not new. (Doc. 27 at 21). As for the remaining documents, the Commissioner argues the Appeals Council correctly found that they would not have changed the outcome of the ALJ's decision and did not relate to the relevant time period. *Id.* at 21-24. In his reply, Mr. Hernandez acknowledges that the duplicate documents are not new and were correctly rejected by the Appeals Council. (Doc. 29 at 6). However, Mr. Hernandez contends the remaining documents are new, material, and chronologically pertinent. *Id.* at 6-8.

Additional evidence should be considered by the Appeals Council if it is new, material, and chronologically pertinent. 20 C.F.R. § 404.970(b), *Chambers*, 389 F.3d at 1142. Evidence is new "if it is not duplicative or cumulative," and is material "if there is a reasonable possibility that it would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) 353 F.3d at 1191 (citation omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id.* The Tenth Circuit has repeatedly held that whether evidence is new, material, and chronologically pertinent is a question of law subject to *de novo* review. *See, e.g., Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011); *Chambers*, 389 F.3d at 1142. If the additional evidence qualifies as new, material, and chronologically pertinent, but the Appeals Council did not consider it, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Chambers*, 389 F.3d at 1142.

    1. <u>Whether the Additional Evidence is New</u>

Evidence submitted to the Appeals Council is new "if it is not duplicative or cumulative" of other evidence in the record. *Threet*, 353 F.3d at 1191. Here, the parties

9

agree that 25 pages of the documents submitted to the Appeals Council are duplicates of documents the ALJ considered. *Compare* (evidence submitted to the Appeals Council at AR 79-89, 105-13, and 689) *with* (the same evidence before the ALJ at AR 581-84, 624-27, 641-47, 650-54, and 673). Therefore, these pages do not constitute new evidence and the Appeals Council did not err in failing to consider them. However, the remaining pages submitted to the Appeals Council include records by Dr. Westbrook and Dr. Alnajjar documenting limitations in Mr. Hernandez' left knee, left foot, and right shoulder, which were not before the ALJ, as well as records created after the date of the ALJ's decision. The Court finds that this additional evidence qualifies as new because it is not duplicative or cumulative of other evidence in the record.

### 2. *Whether the Additional Evidence is Material*

Next, the Court must determine whether the additional evidence is material. Mr. Hernandez contends that Dr. Westbrook's findings from January 2017 of moderate to severe pain and weakness in the left knee and swelling and weakness in the right shoulder, are contrary to the ALJ's RFC determination regarding Mr. Hernandez' abilities to stand, walk, lift, carry, reach, push, and pull. (Doc. 23 at 19-21) (citing AR 93, 96, and 102). He also argues that Dr. Alnajjar's May 2016 findings of soft tissue ankle swelling, small calcaneal spurs, mild degenerative changes in the left foot, mild thoracic spondylosis, and early peripheral autonomic neuropathy, all support a finding that Mr. Hernandez was more limited in his abilities to stand and walk than the ALJ's RFC determination. *Id.* at 20 (citing AR 687-88, 691). Therefore, Mr. Hernandez argues there is a reasonable possibility the additional evidence dated prior to the ALJ's decision would have changed the outcome of the ALJ's decision. *Id.*

10

In addition, Mr. Hernandez contends the evidence that is dated after the ALJ's decision is material. *Id.* at 21. This evidence consists of records relating to the March 2017 surgery on Mr. Hernandez' left knee, which was performed by Dr. Westbrook. (AR 8-11, 16-22, 27-41, 43-57). These records document that the surgery was performed to treat swelling, decreased range of motion, weakness, and instability, due to a complex tear of the medial meniscus, and that Mr. Hernandez' knee symptoms were chronic and aggravated by daily activities such as climbing stairs, walking, and standing. (AR 28, 32-34, 37). In addition, in May 2017, Dr. Westbrook found that Mr. Hernandez still had an antalgic gait with decreased range of motion and strength in his left leg, and Mr. Hernandez was prescribed the use of a cane. (AR 11, 56).

In response, the Commissioner states that the ALJ's RFC determination accounted for "the bulk of" Dr. Westbrook's findings concerning Mr. Hernandez' left knee impairments. (Doc. 27 at 22, 24). The Commissioner further argues that Mr. Hernandez did not allege a left foot impairment, and that the findings regarding his left ankle, left foot, and right shoulder are not supported by the evidence in the record. *Id.* at 22-23. Therefore, the Commissioner contends the additional evidence is not material because it would not have changed the outcome of the ALJ's decision.

In his Reply, Mr. Hernandez argues he sufficiently alleged an impairment to his left foot by claiming disability based on weakness in his legs. (Doc. 29 at 7). He further contends the ALJ's RFC determination did not account for all of the limitations present in the additional evidence submitted to the Appeals Council, and that there is a reasonable possibility the additional evidence would have changed the ALJ's findings as to Mr. Hernandez' abilities to walk, stand, lift, carry, reach, push, and pull. *Id.* at 7-8.

Evidence submitted after the ALJ's decision is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191. Here, the ALJ found that Mr. Hernandez could: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday; occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; occasionally reach overhead with the right upper extremity; and frequently reach in all other directions. (AR 66). The additional evidence from both Dr. Westbrook and Dr. Alnajjar, however, directly contradicts these findings, and would impose significantly greater limitations on Mr. Hernandez' abilities. For example, in the evidence that both pre- and post-dates the ALJ's decision, Dr. Westbrook found that Mr. Hernandez had decreased range of motion, weakness, instability, pain, and swelling of the left knee, which was aggravated by climbing stairs, walking, and standing. *See* (AR 28, 32-34, 37, 56, 93, 102). The evidence also shows there was swelling and weakness in Mr. Hernandez' right shoulder that was aggravated by reaching, repetitive activities, lifting, pulling, and pushing, and that Mr. Hernandez' left foot and ankle had swelling, calcaneal spurs, and degenerative changes. *See* (AR 93, 96, 687-88, 691). If the ALJ had incorporated these findings in her RFC determination, they would have imposed greater limitations on Mr. Hernandez' abilities to stand, walk, climb, lift, carry, push, pull, and reach. Therefore, the evidence calls into question the ALJ's RFC determination.

Nevertheless, the Commissioner contends the additional evidence submitted to the Appeals Council is not material because it is not supported by other evidence in the record. (Doc. 27 at 22-24). In *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), the Tenth Circuit held that when a claimant submits new evidence to the Appeals Council

and the Appeals Council accepts and considers it, that evidence becomes a part of the record to be considered by the Court in performing a substantial evidence review. *Id.* at 955. However, in this case, the Appeals Council did not accept the new evidence in denying Mr. Hernandez' request to review the ALJ's decision. (AR 2). Thus, the question before the Court is whether the Appeals Council should have accepted the evidence, not whether the evidence is supported by the record. *See Padilla v. Colvin*, 525 Fed. Appx. 710, 712, n.1 (10th Cir. May 9, 2013) (unpublished) (distinguishing the questions before the court when the Appeals Council rejects additional evidence in denying review and when the Appeals Council accepts and considers evidence in denying review). Therefore, because the Appeals Council did not accept the new evidence, it would be improper for this Court to perform a substantial evidence review of the ALJ's decision by evaluating new evidence that was rejected and not considered below. *See Chambers*, 389 F.3d at 1143 (explaining the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record"), and *Threet*, 353 F.3d at 1191 (explaining that, if the Appeals Council fails to consider qualifying new evidence, the case should be remanded so the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence).

In addition, the Commissioner contends the additional evidence regarding Mr. Hernandez' left foot impairments is not material because Mr. Hernandez did not allege that impairment in his application before the ALJ. (Doc. 27 at 22). "[A]n ALJ is required to consider all of the claimant's medically determinable impairments, singly and in

combination; the statute and regulations require nothing less." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Here, Mr. Hernandez claimed in his application that he was disabled due to, *inter alia*, weakness in his legs. (AR 296). The record also includes numerous complaints and medical records regarding impairments to Mr. Hernandez' feet. *See, e.g.,* (AR 121, 127-28) (Mr. Hernandez' testimony regarding problems standing and walking due to problems with his feet); (AR 141, 385, 388, 432-35, 473, 481-82, 537, 555-57) (medical records documenting an abnormal gait and pain, decreased sensation and reflexes, numbness, swelling, discoloration, edema, and diminished pulses in Mr. Hernandez' lower left extremity). Moreover, the record shows that Mr. Hernandez was diagnosed with varicose veins and chronic venous deficiency of his lower extremities, (AR 557), and that he was prescribed diabetic shoes due to damage to the nerves in his feet, (AR 431). Therefore, the Court finds there was sufficient evidence in the record regarding limitations due to Mr. Hernandez' left foot to require the ALJ and Appeals Council to consider the impairment.

Based on the foregoing, the Court finds the additional evidence submitted to the Appeals Council contained findings that were not reflected in the ALJ's RFC determination, and there is a reasonable possibility that the additional evidence would have changed the outcome of Mr. Hernandez' claim. Therefore, the Court finds that the evidence submitted to the Appeals Counsel is material.

### 3. *Whether the Additional Evidence is Chronologically Pertinent*

Finally, the Court must determine whether the additional evidence is chronologically pertinent. The Tenth Circuit has explained that evidence submitted to the Appeals Council is chronologically pertinent (or "temporally relevant") when it relates

to the time period on or before the ALJ's decision. *Chambers*, 389 F.3d at 1142. The Tenth Circuit has further held that newly submitted evidence is chronologically pertinent if it corroborates a prior diagnosis or a claimant's hearing testimony, and the evidence need not pre-date the ALJ's decision. *Padilla*, 525 Fed. Appx. at 713.

The evidence dated after the ALJ's decision consists of medical records relating to surgery performed by Dr. Westbrook on Mr. Hernandez' left knee just five weeks after the ALJ's decision. (AR 8-11, 16-22, 27-41, 43-57). The Commissioner argues this evidence is not temporally relevant because it does not include a "retrospective opinion" that Mr. Hernandez was functionally limited prior to the ALJ's decision, and because it includes a statement by Mr. Hernandez that he was doing better after his left knee surgery. (Doc. 27 at 24) (citing *Chambers*, 389 F.3d at 1144). Contrary to the Commissioner's contention, however, evidence submitted after an ALJ issues an opinion does not need to include a retrospective opinion that the claimant was functionally limited prior to the ALJ's decision. In *Chambers*, the Tenth Circuit agreed with the district court that the Appeals Council was not required to consider additional evidence that related to the existence of a possible impairment that had never been complained of by the claimant and was not documented in any way in the evidence before the ALJ. *See* 389 F.3d at 1144. This holding does not require the additional evidence to include a retrospective opinion about the claimant's limitations prior to the ALJ's opinion. Instead, the Tenth Circuit has explained that additional evidence is temporally relevant if it corroborates an existing diagnosis or evidence, including hearing testimony, that was before the ALJ. *See Padilla*, 525 Fed. Appx. at 713.

15

Here, there was ample evidence before the ALJ that Mr. Hernandez was impaired due to limitations with his left knee, such as swelling, decreased range of motion, weakness, and instability due to a complex tear of the medial meniscus. *See, e.g.,* (AR 428, 433, 473, 481-83, 645, 648). Regardless of a statement by Mr. Hernandez that he was feeling better after his surgery, the additional evidence corroborates diagnoses and evidence from the time period on or before the ALJ's decision. Therefore, the Court finds the evidence is chronologically pertinent.

## V. Conclusion

For the reasons stated above, the Court finds that the evidence submitted to the Appeals Council at AR 79-89, 105-13, and 689 was duplicative of evidence before the ALJ, so the Appeals Council did not err by rejecting it. However, the remaining evidence submitted to the Appeals Council was new, material, and chronologically pertinent, so the Appeals Council erred by not considering it. The Court will not address the other errors alleged by Mr. Hernandez at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record.

**IT IS THEREFORE ORDERED** that Mr. Hernandez' *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum*, (Doc. 23), is **GRANTED IN PART**, and this case is **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE